IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DE'ANDRE GRAY                                                                                       PLAINTIFF

v.                              Civil No. 6:17-CV-06020-SOH-MEF

SHERIFF MIKE CASH, *et. al.*                                                DEFENDANTS

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, De'Andre Gray, filed this case *pro se* pursuant to 42 U.S.C. § 1983 on February 16, 2017. (Doc. 1) Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### **I. BACKGROUND**

Plaintiff is currently incarcerated in the Hot Springs County Jail (HSCJ) as a pre-trial detainee. He was arrested on January 20, 2017, and he signed his Complaint on February 7, 2017. (Doc. 1, pp. 3, 7) Plaintiff alleges unconstitutional conditions of confinement and failure to protect. He further alleges Defendants only respond to "what they want to" on grievances. (Doc. 1, p. 8) As to the conditions of confinement claims, Plaintiff alleges he is "deprived of drinkable water at all hours of the day besides mandatory meal times" because the water from the faucets is hot

1

enough to boil noodles. (Doc. 1, p. 4) Plaintiff alleges he is deprived of fresh air and fresh oxygen, but he does not describe the circumstances of this alleged deprivation. (Doc. 1, pp. 4, 6)

As to the failure to protect claim, Plaintiff alleges another inmate had possession of a five or six inch screw. Plaintiff alleges this inmate first sent Pastor Frank out with the message that he had the screw and what he could do with it. The inmate then got on the intercom and asked, "what if I killed everyone in here?" Jail officials responded to this question. He alleges that he and other inmates sat for three hours with their lives being threatened before the situation was "even remotely addressed by a professional." In the meantime, they were told to "stay away from him," which was not possible. (Doc. 1, p. 5) Plaintiff did not allege that he was injured during this event.

Plaintiff proceeds against all Defendants in both their official and personal capacities. (Doc. 1, pp. 4, 6) Plaintiff seeks compensatory and punitive damages. (Doc. 1, p. 7)

## II. APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III. DISCUSSION

### A. Conditions of Confinement

Plaintiff alleges he was denied cold water to drink on demand in his pod. This allegation does not state a cognizable claim under § 1983.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges . . . ." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton,* 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels,* 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health

or safety." *Id*. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994). Furthermore, "[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Access to a sufficient quality and quantity of water for drinking and basic personal hygiene is, of course, a minimal life necessity. *See e.g., Scott v. Carpenter*, 24 F. App'x 645, 647 (8th Cir. 2001) (unpublished) (no disagreement that basic personal hygiene falls within the minimal civilized measure of life's necessities); *Spires v. Paul*, 581 F. App'x 786, 792-94 (11th Cir. 2014) (housing an inmate in a cell without potable water for several days and forcing him to drink from the toilet to survive stated an Eighth Amendment violation). But, "[n]othing in the Constitution requires that each prisoner be provided with clean, cold, warm, or any other form of running water in his cell. . . ." *Jelinek v. Roth*, 33 F.3d 56, *2 (7th Cir. 1994) (unpublished) (plumbing in cell that produced only water contaminated with rust that was undrinkable and unsuitable for bathing does not implicate the Eighth Amendment); *see also, Smith v. Copeland*, 892 F.Supp. 1218, 1230 (E.D. Mo. 1995) (turning off water in a cell except for brief periods to flush the toilet, and providing drinking water with each meal did "not deprive plaintiff of minimally necessary drinking water or hygienic requirements") *aff'd*, 87 F.3d 265 (8th Cir. 1996); *Narducci v. Fields*, 62 F.3d 1428 (10th Cir. 1995) (unpublished) ("a lack of light, a lack of running water, poor cell ventilation, and placement in an individual cage for outdoor exercise" did not rise to level of constitutional violation); *Downs v. Carter*, 2016 WL 1660491, *8 (N.D. Illinois) ("There is no constitutional right to water on demand.").

4

In this case, Plaintiff has not alleged he was denied sufficient water for drinking or basic personal hygiene; he only alleges the temperature of the water was too hot to drink. Plaintiff stated he received liquids to drink with his meals. Finally, Plaintiff alleged no actual physical injury due to the lack of cold water on demand in his pod.

Plaintiff also alleges he was deprived of fresh air and oxygen. Plaintiff provides no further detail for this vague allegation. He does not describe the circumstances of this deprivation, and does not allege any actual physical injury from the alleged deprivation. "[T]o survive . . . screening, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Wright v. Hobbs*, 2013 WL 5673567 (E.D. Ark. Oct. 13, 2013) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). Plaintiff's vague allegation that he was deprived of fresh air and oxygen does not provide sufficient factual matter to state a cognizable claim.

**B. Failure to Protect**

Plaintiff has failed to state a cognizable failure to protect claim concerning the incident involving another inmate possessing a five or six inch screw. Prison officials have a duty, under the Eighth Amendment, to protect prisoners from violence at the hands of other prisoners. *See Perkins v. Grimes,* 161 F.3d 1127, 1129 (8th Cir. 1998). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer,* 511 U.S. at 834.

To prevail on his failure to protect claim, Plaintiff must satisfy a two prong test: (1) show he was "incarcerated under conditions posing a substantial risk of serious harm;" and, (2) the prison officials were "deliberately indifferent [to his] health or safety." *See Holden v. Hirner,* 663 F.3d 336, 341 (8th Cir. 2011) (internal citations omitted). The first prong is an objective requirement

to ensure the deprivation is a violation of a constitutional right. *Id.* The second, however, is subjective requiring Plaintiff show the official "both knew of and disregarded 'an excessive risk to inmate health or safety.'" *Id. (*quoting *Farmer,* 511 U.S. at 837). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk,* 508 F.3d 868, 873 (8th Cir. 2007). Negligence alone is insufficient to meet the second prong, instead, the official must "recklessly disregard a known, excessive risk of serious harm to the inmate." *Davis v. Oregon County,* 607 F.3d 543, 549 (8th Cir. 2010) (internal quotation marks and citation omitted). Furthermore, "[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, *supra*.

In this case, Plaintiff did not allege he suffered any actual injury during this event, *de minimis* or otherwise. Further, taking Plaintiff's allegations as true, neither prong of the test was met. This is not a situation where Plaintiff was knowingly kept incarcerated under conditions posing a substantial risk of serious harm. Instead, Plaintiff merely alleges another inmate came into possession of a screw, sent a pastor out of the pod with the message that he had the screw, and then used the intercom to ask what would happen if he killed everyone in the pod. At this point, the inmate received responses from a jail official. Plaintiff does not allege he was personally threatened by this inmate; he does not allege he had any history of threats or harm from this inmate; and, he does not allege Defendants had any reason to believe this inmate would carry out his veiled threats. Instead, he describes an unfortunate surprise situation which was defused over a period of a few hours, and without any injuries. Nothing in these alleged facts rises to the level of a constitutional violation. *See Prosser v. Ross*, 70 F.3d 1005, 1007 (8th Cir. 1995) (prison officials are entitled to qualified immunity from claims arising out of a surprise attack by one inmate on another, even when officials knew the attacking inmate may be dangerous or violent).

### C. Poor Grievance Response Rate

Plaintiff's allegations that jail officials only respond to grievances, or portions of grievances, "that they want to" also fails to state a cognizable claim under § 1983.

"Inmates do not have a constitutionally protected right to a grievance procedure. Because a ... grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the ... grievance procedure is not actionable under § 1983." *Ashann–Ra v. Commonwealth of Virginia,* 112 F.Supp.2d 559, 569 (W.D. Va. 2000) (citations omitted); *see also Lombolt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (denial of grievances does not state a substantive constitutional claim); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993) ("no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration"); *Adams v. Rice,* 40 F.3d 72, 74 (4th Cir. 1994) (inmates have no constitutional right to grievance procedure); *Blagman v. White,* 112 F. Supp.2d 534 (E.D.Va. 2000) (inmate has no constitutional entitlement to grievance procedure), *aff'd,* 3 Fed. App'x. 23 (4th Cir. 2001).

"Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." *Blagman,* 112 F.Supp.2d at 542 (citing *Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991)). A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available." *Id.* (citation omitted). "[A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005).

As Plaintiff had no constitutional right to a grievance process at HSCJ, the failure of HCCJ officials to respond to all grievances, or portions of grievances, does not state a constitutional violation.

7

## IV. CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of April, 2017.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE